THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE STRAND, Plaintiff in Error.

*Opinion filed June 24, 1915.*

1. CRIMINAL LAW—*what may be shown as affecting credibility of prosecuting witness.* If the prosecuting witness, in detailing where he had been before he was assaulted and robbed, testifies differently on the trial than he did on the hearing, it is competent, after laying a proper foundation, to prove such fact as affecting the credibility of the witness.

2. SAME—*when refusal to allow proper proof will not reverse.* Refusal to permit proper proof tending to affect the credibility of the prosecuting witness in a robbery case is not ground for reversal, where the testimony of the police officer who arrested the accused convincingly shows that the accused was the robber.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

O. C. PETERSON, for plaintiff in error.

P. J. LUCEY, Attorney General, MACLAY HOYNE, State's Attorney, and C. H. LINSCOTT, (FRANCIS E. HINCKLEY, of counsel,) for the People.

Mr. JUSTICE COOKE delivered the opinion of the court:

Plaintiff in error, George Strand, was convicted in the criminal court of Cook county of the crime of robbery and was sentenced to serve an indeterminate period in the penitentiary. He urges two grounds for reversal of the judgment: (1) That the evidence is too indefinite, uncertain and unreasonable to sustain a conviction; and (2) that the court erred in not permitting impeaching questions to be propounded to the prosecuting witness.

Two witnesses were called on behalf of the People,—Bedrich Bauer, the prosecuting witness, and a police officer, Charles F. Smith. Bauer testified that he arrived in Chicago from Wayne, Illinois, at the Grand Central depot,

at 11:45 P. M., on October 18, 1914; that he went from
there to the Acme Hotel, 515 West Madison street, where
he engaged a room; that he then went to a saloon known
as Quincy No. 9, at the corner of Randolph and LaSalle
streets, where he drank a glass of beer; that in returning
to his hotel he arrived at the corner of Fifth avenue and
Madison street about 12:35 A. M., where he was accosted
by Strand, who stated to him that he had no money for a
bed; that he secured a good view of Strand from the light
of a restaurant nearby; that in response to this statement
he said, "Never mind; I will give you a dime," and put
his hand in his pocket to procure the money, whereupon
Strand hit him in the face, knocking him down and ren-
dering him unconscious for a short period. The blow
knocked out one of Bauer's teeth and caused a profuse
flow of blood over his face. He testified that when he
regained consciousness he noticed another man standing
at his feet and Strand was feeling in his pockets; that
Strand had a small knife in his hand, with which he cut a
belt Bauer was wearing and that he took from his person
$15.65 in money, a ring and the belt. Bauer further tes-
tified that immediately after regaining consciousness he be-
gan calling for the police; that two police officers came and
took him to the police station; that his eyes were so filled
with blood he could not tell which officer had taken him to
the station; that soon after he arrived at the station offi-
cer Smith came in with Strand, whom he immediately rec-
ognized and identified as the person who had assaulted and
robbed him. He also identified him upon the trial as the
man who had accosted him on the street, made the assault
upon him and robbed him of his money and property.

The plaintiff in error points out that the story told by
Bauer is incredible and unreasonable, because he says that
he went from the Grand Central depot to the Acme Hotel,
from there to a saloon at the corner of Randolph and La-
Salle streets, and from there to the corner of Fifth avenue

and Madison street,—all within a period of fifty minutes. The evidence does not disclose what distance Bauer necessarily traveled in going to these various places or his method of traveling. Nothing is pointed out in this respect to show wherein the story told by Bauer is so unreasonable as to affect his credibility.

Officer Smith testified that on this Sunday morning, at about 12:45 o'clock, he was going east on the north side of Madison street, and when he came to the corner of Fifth avenue he heard someone calling for the police; that upon looking north he saw two men going across the street into an alley and Bauer was just getting upon his feet; that noticing the blood on Bauer he immediately set out in pursuit of the two fleeing men; that these men had entered an alley running east from Fifth avenue in the block between Madison and Washington streets; that he caught up with the younger of the two men in the alley about fifty feet from the building line; that he drew his revolver, compelled the man he had caught to run alongside of him and pursued the other man east through the alley; that this man, who the officer testified was Strand, continued along the alley across LaSalle street, which is the first street running north and south east of Fifth avenue, to the middle of the block east of LaSalle street, when he turned north in an alley running north and south through that block and continued his flight to Washington street, where he turned east, running to Clark street, and thence south in Clark street to Madison street, where he entered a street car and sat down in the rear seat; that the witness entered the same car and placed plaintiff in error under arrest and took him directly to the police station. The officer testified that during this chase he was about a quarter of a block behind Strand and did not lose sight of him except when he turned a corner; that during the chase he fired three shots at him from his revolver; that Strand was "panting like a Marathon racer" when the witness reached

the street car; that when he arrived at the station with him he asked Strand why he ran, and he replied that he was afraid the officer would shoot him.

Strand testified in his own behalf that he was twenty-two years of age and worked for the *Chicago Journal;* that on the evening of October 18 he left his home, got off the street car at Madison and Clark streets and attended a performance at the Columbia theatre, leaving that place about 10:45 P. M.; that he then walked to Van-Buren and State streets and visited a friend of his, Mickey Gallagher, who was intending to work that night delivering newspapers; that afterwards he attended an all-night nickel theatre and then walked to Washington street and got on a street car; that officer Smith boarded the car and placed him under arrest. Smith and Strand both testified that when Smith arrested him he asked the young man whom he had first overhauled whether he knew Strand, to which he responded that he did not.

The only other witness to testify was Strand's father, who was put on as a character witness, and testified that when his son was at home he was all right but otherwise he knew nothing about him. This was all the evidence offered, and is not only sufficient to sustain the conviction but discloses the guilt of plaintiff in error almost beyond the possibility of a doubt.

On cross-examination Bauer testified that he had not been in Moler's barber college that night. He was then asked if at the preliminary hearing he was not asked this question, "Were you in Moler's barber college?" and if he did not answer, "Yes." He was then asked if upon the preliminary hearing he was not asked this question, "Did the man follow you out of the Moler's barber college?—the man that held you up?" and if he did not answer, "Yes." To each of these questions an objection was sustained. This ruling of the court was erroneous. If in detailing where he had been on the night in question Bauer

268 — 35

had testified at the preliminary hearing to a different state of facts than that testified to by him upon the trial it was proper to show this as affecting his credibility. We are of the opinion, however, that this error was not so prejudicial as to warrant a reversal of the judgment. Bauer positively identified Strand as the person who assaulted and robbed him. Officer Smith testified that he started in pursuit of Strand upon seeing him leave Bauer upon the sidewalk and continued that pursuit without interruption until he captured him. His identification of Strand as the person guilty of the offense was complete and convincing. We do not see how it could have been affected by any contradiction as to the place where Bauer had first seen him that night or the different places Bauer had visited before the assault was made upon him.

The judgment of the criminal court is affirmed.

*Judgment affirmed.*